A. LELAND & Co. and JNO. SIMMONS & Co. *v.* A. ROSE—BUCKINGHAM
& GRAHAM et al., Opponents.

An insolvent cannot be subjected to more than one trial for fraud, under the Act of 1840, for the same fraudulent acts. One conviction, or acquittal, is conclusive upon all the creditors who were parties to the insolvent proceedings.

A PPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Helme*, for plaintiffs and appellants. *Schmidt* and *T. J. Semmes*, for defendant.

LEA, J. Proceedings for a forced surrender having been instituted against the defendant, under the provisions of the Act of 1840, by two judgment creditors, the defendant, under the order of the court, filed, on the 2d March, 1854, a schedule of his affairs, and what purported to be a surrender of his property to his creditors.

To this schedule and statement an opposition was filed on the 6th March, 1854, by the original plaintiffs, making allegations of fraud, and praying that the charges of fraud might be inquired into, and that the defendant might be deprived of the benefit of the insolvent laws, etc.

On the 1st day of May, 1854, other creditors (the appellants herein) intervened in the insolvent proceedings, and opposed the homologation thereof, for the reasons set forth in the opposition of the original complaining creditors, which grounds of opposition they adopt. They pray that the insolvent be declared guilty of fraud, that he be deprived of the benefit of the insolvent laws, and be otherwise dealt with as the law directs. The original plaintiffs were represented by *Messrs. Smiley & Perrin* as counsel, the intervenors by *G. W. Helme, Esq.* On the 21st and 22d days of May, 1854, a trial was had before a jury, upon the charges of fraud then pending, the counsel for the original

plaintiffs, together with the counsel for the intervenors, appearing "for plaintiffs" against the defendant. Upon these proceedings a verdict and judgment were rendered, which have become final by an affirmance upon an appeal taken by the original plaintiffs.

On the 25th May, 1855, the defendant filed a peremptory exception to further proceedings on the part of the intervenors, on the ground that he could not be tried twice upon the same charges of fraud, based upon the same alleged fraudulent acts, and on the further ground that, by the judgment before referred to, he had been deprived of the benefit of the insolvent laws, and that consequently no insolvent proceedings were pending to which an opposition could be made. The fifth section of the Act of 1840, under and by virtue of which the proceedings for a forced surrender in this case were commenced and have been conducted, provides that the proceedings to be had in such cases shall be conducted in conformity with the laws then in force relative to the voluntary surrender of property, which laws contemplate proceedings to be had against the insolvent *in concurso.*

It was never intended that the insolvent should be subjected to more than one trial for fraud, based upon the same alleged fraudulent acts. One acquittal or one conviction is, we think, conclusive upon all the creditors who were parties to the insolvent proceedings. In the case at bar the opponents were not only duly recognized as creditors on the schedule of the insolvent, but they joined in and adopted the charges of fraud filed by *Leland & Co.* and *Simmons & Co.*, and their counsel was present and took part in the trial had upon these charges. We think that, under the state of facts which the case presents, the court was right in maintaining a peremptory exception to any further proceedings against the defendant on behalf of the appellants.

Judgment affirmed.